101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Meren PTAH, Petitioner-Appellant,
v.
Sally B. JOHNSON, Superintendent, Respondent-Appellee.
 No. 95-2383.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 APPEARING FOR APPELLANT: Polly N. Passonneau, New York, NY.
 APPEARING FOR APPELLEE: Gail B. Rubenfeld, Assistant District Attorney, Bronx County, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, VAN GRAAFEILAND, and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Petitioner Meren Ptah was convicted after a bench trial of burglary in the second degree. Ptah petitioned for a writ of habeas corpus, arguing that his trial counsel was ineffective because his lawyer failed to advise him not to waive a jury trial. The district court denied Ptah's petition and Ptah appeals.
 
 
 4
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show two things. First, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In making this determination, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, a defendant must show that counsel's unreasonable representation prejudiced his defense. Id. at 692. In order to find prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 Ptah claims that his lawyer's performance was constitutionally deficient for two reasons. First, Ptah contends that his lawyer's failure to advise him against a bench trial caused him to lose the benefit of the trial judge's earlier evidentiary ruling which excluded an improper identification. As the same judge presided over Ptah's trial and decided his motion to exclude the evidence, the trial judge was aware of the excluded identification evidence. Had Ptah not waived his right to a jury trial, the fact-finder would not have had knowledge of the excluded evidence.
 
 
 6
 This argument is meritless. At trial there was no question concerning the identity of the alleged burglar. The complaining witness, Felicida Soto, testified that Ptah followed her into her apartment building and forced his way into her apartment. She testified that she began screaming and that Ptah ran from her apartment when he heard people coming. Ptah admitted that he walked by Soto's apartment and that Soto started screaming when he did so. What Ptah disputed was not his identity as the person Soto testified about, but rather that he had entered her apartment. As the identity of the alleged burglar was not disputed, the excluded identification had no bearing on any issue in the case. Therefore, Ptah cannot satisfy either prong of the Strickland test.
 
 
 7
 Ptah contends that there is a second reason that it was unreasonable for his lawyer to fail to advise him against waiving the right to a jury trial. This was because his lawyer followed a strategy at trial which would indicate to a judge, but not to a jury, that the lawyer did not believe his client. On direct examination, Ptah's lawyer limited his questioning to asking Ptah whether he committed the acts Soto claimed he did and whether he entered Soto's apartment on the day in question. Ptah argues that by failing to ask any other questions, the lawyer sent a message to the judge that he did not believe his client.
 
 
 8
 We find no merit in this contention. Furthermore, because Ptah's contention that he was in the building looking for marijuana may well have prejudiced a jury against him, his attorney may have had good reason to believe that Ptah was better off trying his case to a judge. Such a conclusion would "fall[ ] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.
 
 
 9
 As petitioner has failed to demonstrate that he was denied effective assistance of counsel, the decision of the district court is AFFIRMED.